**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**UNITED STATES OF AMERICA,**

     **Plaintiffs,**

**v.**                                           **Case No:   6:15-cr-75-Orl-31GJK**

**JASON JERRY COCKRELL,**

     **Defendant.**

---

**REPORT AND RECOMMENDATION**

This cause came on for consideration on Defendant's "Motion to Quash Warrant and Dismiss Violation of Probation Charges" (the "Motion"), filed on October 18, 2014. Doc. No. 14. On November 6, 2019, the Government filed its response to the Motion. Doc. No. 19.

On May 21, 2010, Defendant was sentenced to seventy-eight months in prison for violating 21 U.S.C. § 846, conspiracy to distribute 500 grams or more of cocaine. Doc. No. 2 at 2-3. On July 1, 2014, Defendant was placed on supervised released. Doc. No. 6 at 1. Defendant states that on October 10, 2018, April 8, 2019, and April 11, 2019, he was convicted of state crimes and sentenced to seventeen months in the Florida Department of Corrections. Doc. No. 14 at ¶ 4. He states that his release date is November 30, 2019. *Id.*

On September 5, 2018, due to the state arrests, among other things, the United States Probation Officer filed a Petition for Warrant or Summons for Offender Under Supervised Release. Doc. No. 6. On September 7, 2018, the Court issued a warrant for Defendant's arrest. Doc. No. 8. Defendant states that the United States Marshal's Office placed a detainer on him with the Florida Department of Corrections. Doc. No. 14 at ¶ 6.

In the Motion, Defendant argues that the "probation violation charge(s)" should be dismissed because the warrant has not been executed. *Id.* at 4, 5. Defendant states that "the Probation Department has deliberately withheld execution of the issued warrant until [Defendant] has completed his state sentences." *Id.* at ¶ 12.

Defendant's argument is unavailing. The warrant need not be executed before Defendant completes his sentences under his state convictions, as "there is no legal right to receive an immediate hearing on a supervised release violation or revocation." *Jauregui v. United States*, No. 4:14-CV-665-MW/CAS, 2015 WL 248411, at *4 (N.D. Fla. Jan. 20, 2015); *see also Moody v. Daggett*, 429 U.S. 78, 89 (1976) (There is "no constitutional duty to provide [Defendant] an adversary parole hearing until he is taken into custody as a parole violator by execution of the warrant."); *United States v. Cunningham*, 150 F. App'x 994, 996 (11th Cir. 2005) ("The district court is not required to conduct a supervised release violation hearing until [the defendant] is taken into federal custody after he completes his sentences for the state convictions.").[1]

Accordingly, it is **RECOMMENDED** that the Motion (Doc. No. 14) be **DENIED**.

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. Failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the

---

[1] In this circuit, "[u]npublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2.

- 3 -

district judge adopts from the Report and Recommendation. 11th Cir. R. 3-1.

       **RECOMMENDED** in Orlando, Florida, on November 8, 2019.

                                GREGORY J. KELLY
                         UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties